# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| WILLIAM SHIVER, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> ANDREW SAUL, : <br> COMMISSIONER OF SOCIAL : <br> SECURITY, : <br> : <br> Defendant. : <br> _____ : | CASE NO.: 7:19-CV-00102 (WLS-TQL) |

## ORDER

Before the Court is Plaintiff's "Unopposed Motion for Attorney Fees" (Doc. 18) under the Social Security Act, along with Plaintiff's counsel, Charles L. Martin's ("Martin") brief in support (Doc. 18-1) and a declaration from Martin (Doc. 18-6), among other supporting exhibits. (Docs. 18-1–18-7.)

Previously, on January 6, 2021, this Court remanded the above-captioned case to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further action and proceedings. (Doc. 13.) On March 8, 2021, Plaintiff filed an "Unopposed Motion for Attorney Fees" under the Equal Access to Justice Act ("EAJA") in connection with his Social Security appeal and remand. (Doc. 15.) The Court granted Plaintiff's petition for attorney's fees pursuant to the EAJA and ordered attorney's fees in the amount of $412.29. (Docs. 16; 17.) On remand, Plaintiff was awarded past-due benefits of at least $153,880.00, and 25% of that fee, which is $38,470.00, has been withheld for attorney's fees. (Docs. 18-1, at 1; 18-2, at 3.)

1

In Plaintiff's instant Motion, Plaintiff requests the Court to approve attorney's fees in the amount of $2,912.29 under 42 U.S.C. § 406(b)(1), which is an amount below the 25% limit. (Docs. 18; 18-1.) Martin provided two (2) hours of attorney services before the Court. (Doc. 18-1, at 2.) Martin also asks for a multiplier of "at least 3.0" to the attorney fee to compensate him for "bearing the risk of an unsuccessful outcome." (Doc. 18-1, at 5.) Additionally, Plaintiff notes in the Motion that Martin will refund the previous Equal Access to Justice Act ("EAJA") fee award of $412.29 back to Plaintiff. (Doc. 18-1, at 2.) This is consistent with the Supreme Court's holding in *Gisbrecht v. Barnhart*, where the Supreme Court determined that although fee awards "may be made under both [under EAJA and § 406(b)]. . .the claimant's attorney must 'refund to the claimant the amount of the smaller fee.'" *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Or, as noted by the Eleventh Circuit, instead of refunding back to the claimant, the attorney could simply offset the EAJA award by making a corresponding reduction to his § 406(b) fee request. *Jackson v. Comm'r of Soc. Security*, 601 F.3d 1268, 1268 (11th Cir. 2010) (finding that the Supreme Court in *Gisbrecht* disagreed with the way the district court calculated the § 406(b) award in that case, but the Supreme Court did not indicate that there was any problem with offsetting the EAJA award by deducting it from the claimant's § 406(b) fee request).

Here, Plaintiff's petition for attorney fees of $2,912.29 essentially boils down to an hourly rate of $1,456.15. In Martin's Affidavit, he asserts that he usually receives attorney's fees contingent upon the outcome of the litigation, but in the area of Social Security law, he bills his services at an hourly rate at a non-contingent rate of $425.00 an hour. (Doc. 18-6, at 5, ¶15.) Martin also states that a reasonable market-based non-contingent hourly rate for

2

services would be $350–425 per hour for experienced Social Security disability litigator. (Doc. 18-1, at 4.) Some of the services provided by Martin to Plaintiff were "evaluating the case for appeal to the district court; assessing the need to develop the medical record; advising Plaintiff regarding an appeal to district court; drafting the complaint; researching and drafting a brief in district court; reviewing the government's brief, drafting a reply brief, reviewing the final order and judgment, and preparing an application for EAJA attorney's fees." (Docs. 18-1, at 2–3; 18-5) The Motion also states that "[i]t is clear Plaintiff would have received no benefits had this legal assistance not been provided." (Doc. 18-1, at 3.) Defendant does not object to the requested attorney's fees. (Doc. 18.) Plaintiff also "agreed to a fee of 25% of the past due benefits and is not expected to object to this fee request." (Doc. 18-1, at 4.)

## **DISCUSSION**

Under 42 U.S.C. § 406(b), a court entering judgment in favor of a Social Security benefits claimant who was represented by an attorney "may determine and allow as part of its judgment, a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." If the requested fee is within the 25% limit, a court must then determine whether "the fee sought is reasonable for the services rendered." *Jackson*, 601 F.3d at 1271. Thus, "§ 406(b) calls for court review of [fee] arrangements as an independent check, to assure that they yield reasonable results. . . ." *Gisbrecht*, 535 U.S. at 807. Accordingly, a court could reduce the requested fee if the benefits are large in comparison to the amount of time the attorney spent on the case. *Id.* at 808. And if the benefits are large in comparison to the amount of time counsel spent on the case, the claimant's attorney may submit a record of the hours spent representing the

3

claimant and a statement of his normal hourly billing charge for noncontingent-fee cases to aid a court's assessment of the reasonableness of the fee. *Id.*

Recently, the Eleventh Circuit heard a similar case regarding a petition for attorney fees under § 406(b). *Walker v. Comm'r, Soc. Sec. Admin.*, 844 F. App'x.104 (11th Cir. 2021); *Eddie M. v. Comm'r, Soc. Sec. Admin.*, No. 1:13-CV-2575-RGV, Order [Doc. 29] (N. D. Ga. Mar. 27, 2020). In *Walker*, the Eleventh Circuit affirmed the Northern District Court of Georgia's finding that a multiplier of 2.5 was appropriate. In that case, 7.45 hours of work for a Social Security benefits claimant had been performed and non-contingent fee of $425.00 per hour was charged. *Eddie M.*, No: 1:14-CV-2575 (N.D. Ga. 2020), at *11; (Doc. 18-6, at 5, ¶15.) There, Counsel sought $24,545.25 in attorney's fees under § 406(b) based on "only 7.45 hours of work he performed," and as in this case, the Commissioner also did not oppose the requested amount. *Id.* at *2, 12; (Doc. 18-1, at 3, 4.)

But awarding an attorney's fees of $24,545.25 was found "not reasonable" because Counsel only spent 7.45 hours on the case, resulting in an effective rate of $3,294.66 per hour. *Eddie M.*, No: 1:14-CV-2575 (N.D. Ga. 2020), at *13. But given the favorable results achieved for the client, the contingent nature of the representation, and Counsel's significant experience in Social Security law, applying a multiplier of 2.5—which was also the most common multiplier used by other federal courts in the Eleventh Circuit—seemed reasonable.[1] *Id.* at *14;

---

[1] In Plaintiff's instant Motion, Plaintiff cites to data reports by Social Security Administration and Government Accountability Office. (Doc. 18-1, at 5.) Plaintiff notes that, based on Social Security Administration's data report, "only 2% of civil actions result in a decision ordering payment of benefits, and 48% result in a decision remanding for further proceedings, of which approximately 66% result in an award of benefits. This means that the chance of being awarded benefits when a civil action is filed is less than 34% (*i.e.*, 2% + (49% * 46%)), requiring a multiplier of 3 to compensate for the risk." (*Id.* (citing to SOC. SEC. ADMIN., FY 2017 WORKLOAD DATA DISABILITY APPEALS 206, tbl. 3.49, https://ssa.gov/budget/FY19Files/2019LAE.pdf; U.S. GOV'T ACCOUNTABILITY OFF., GAO-07-331, DISABILITY PROGRAMS: SSA HAS TAKEN STEPS TO ADDRESS

(Doc. 18-1, at 5.) *Eddie M.*, No: 1:14-CV-2575 (N.D. Ga. 2020), at *14; *see, e.g.*, *Lloyd v. Colvin*, No. 13-23282-CIV, 2019 WL 2254948, at *1–2 (S.D. Fl, Apr. 18, 2019) (finding that applying a 2.5 multiplier enhancement to the hours Counsel spent representing her client before the Court was proper because it appropriately reflected the factors that were relevant to the reasonableness inquiry, such as lawyering skills, risks involved, and results achieved); *Anderson v. Comm'r, Soc. Sec.*, No. 2:14-CV-355, 2017 WL 3022333, at *4 (M.D. Fl. July 17, 2017) ("Further, courts have held that awarding attorneys of up to 2.5 times the non-contingent hourly rate 'adequately compensates attorneys for the risk they assumed in representing claimants on a contingency basis"); *Davis v. Astrue*, 533 F.Supp.2d 1212, 1216 (M.D. Fl. July 31, 2007) ( "In this district. . . a normal hourly rate for Social Security appeals. . . up to 2.5 times [a normal hourly] rate would reasonably account for the contingency nature of the case.")

In Plaintiff's instant Motion before this Court, he requests that the Court use a multiplier of 3.0. (Doc. 18-1, at 5.) The Court agrees that using a multiplier enhancement is appropriate in this case, given Counsel's "significant background, experience, and skill in Social Security disability representation in federal courts," and the fact that he achieved a "favorable outcome" for Plaintiff. (Doc. 18-1, at 4.) But the Court agrees with the Eleventh Circuit's

---

CONFLICTING COURT DECISIONS, BUT NEEDS TO MANAGE DATA BETTER ON THE INCREASING NUMBER OF COURT REMANDS (2007) https://www.gao.gov/assets/260/258973.pdf)).

Nevertheless, when assessing the entirety of the circumstance and relevant factors, such as result achieved, hours worked, attorney's experience, and nature of the work, the Court agrees with the Eleventh Circuit's holding in *Walker* and finds that applying a 2.5 multiplier enhancement is reasonable and adequate to compensate Counsel in this case. *See also Gisbrecht*, 535 U.S. at 808 ("Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualifies for highly respectful review.")

5

findings in *Walker* as well as with other federal courts within the Circuit that a multiplier of 2.5 in this case is adequate and will yield a fair, proper compensation award. And given that Counsel was able to achieve a successful result for Plaintiff in a short period of time indicates that the work was not too complex or difficult. Therefore, the Court finds that applying a multiplier of 2.5 to attorney fees is reasonable.

But even assuming arguendo that a multiplier of 3.0 is appropriate, the amount of $2,912.29 requested by Plaintiff is incorrect. Martin's hourly rate is $425. He expended two hours for Plaintiff. $425 multiplied by two equals $850. Applying a multiplier of 3.0 to $850 would equal $2,550. From here, we must either subtract the EAJA fee of $412.29 or offset this fee from $2,550. *See Gisbrecht*, 535 U.S. at 706; *Jackson*, 601 F.3d at 1268. In trying to figure out how exactly Counsel arrived at $2,912.29, the Court assumes that Counsel accidentally used $2,500, instead of $2,550, and he added the EAJA fee of $412.29 to $2,550, because this calculation yields $2,912.29. And this amount of attorney fee is incorrect because the EAJA fee would have to be returned to Plaintiff or be offset from $2,550. The Court does not find that an amount in excess of 2.5% is never appropriate, only that it is not appropriate upon a reasonable consideration of the work performed and a risk taken in this case.

Accordingly, Plaintiff's Motion (Docs. 18; 18-1) is **GRANTED IN PART** and **DENIED IN PART.** Counsel will be awarded either one of the following attorney fees, depending on whether he returns the EAJA fee of $412.29 back to Plaintiff or decides to offset the fee of $412.29 from his attorney fee under § 406(b). In other words, if Counsel returns the

$412.29 back to Plaintiff, then he will be awarded $2,125.00.[2] Or, if Counsel decides to offset the $412.29 rather than refund it back to Plaintiff, then the amount will be $1,712.71. Thus, Counsel is **ORDERED** to inform the Court of his choice in view of the above findings and conclusions not later than **fourteen (14) days** after the entry of this Order.

**SO ORDERED,** this 22nd day of September 2022.

>/s/ W. Louis Sands
>**W. LOUIS SANDS, SR. JUDGE**
>**UNITED STATES DISTRICT COURT**

---

[2] The amount of $2,125.00 was reached by multiplying Counsel's hourly rate of $425 by 2 (the number of hours he expended to represent Plaintiff) and multiplying that amount by 2.5.